**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ROBERT PETERSON, :
a/k/a Parrish Chandler, :
: Civil Action No. 10-5316 (JBS)
Plaintiff, :
:
v. : **OPINION**
:
MARK RINKUS, et al., :
:
Defendants. :

**APPEARANCES**:

Plaintiff pro se
Robert Peterson
Atlantic County Correctional Facility
5060 Atlantic Ave.
Mays Landing, NJ 08330

**SIMANDLE**, District Judge

Plaintiff Robert Peterson, who was a pre-trial detainee confined at Atlantic County Correctional Facility in Mays Landing, New Jersey, at the time the events complained of, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that his public defender lied to him and mislead him.  Plaintiff alleges that his public defender was racist and never talked with him to prepare a defense to the charges against Plaintiff or otherwise prepared a defense by reviewing witness statements, for example.  Plaintiff alleges that his counsel unduly pressured him to plead guilty.  Plaintiff alleges that his counsel asked to be relieved as his counsel in October 2009 after Plaintiff complained about him to the Office of the Public Defender.  Plaintiff attaches as an exhibit to the Complaint a copy of his public defender's letter to the criminal court asking to be relieved as counsel and advising that the Office of Public Defender would be assigning the case to another pool attorney.

Plaintiff names as defendants his public defender Mark Rinkus and the Public Defender's Office.  He seeks monetary damages in an unspecified amount.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

In the present case, it is clear that Plaintiff Peterson seeks damages from defendants who are immune from suit in federal court, and who do not act under color of state law for purposes of 42 U.S.C. § 1983, as now discussed.

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the

4

alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV.  ANALYSIS

Generally, court-appointed counsel, public defenders, and investigators employed by a public defender are absolutely immune from civil liability under § 1983 when acting within the scope of their professional duties.  Black v. Bayer, 672 F.2d 309, 317 (3d Cir.), cert. denied, 459 U.S. 916 (1982).  Cf. Tower v. Glover, 467 U.S. 914, 923 (1984) ("state public defenders are not immune from liability under § 1983 for intentional misconduct, 'under color of' state law, by virtue of alleged conspiratorial action with state officials that deprives their clients of federal rights").

Even if not "immune" from suit or liability, an attorney may be entitled to dismissal of a civil rights action on the ground that it fails to state a claim, because lawyers, typically, are not "state actors."  "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."  Polk County v. Dodson, 454 U.S. 312, 318 (1981).  Similarly, a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a

5

criminal proceeding." <u>Polk Co. v. Dodson</u>, 454 U.S. at 325.  A public defender (as any other private person) does act "under color of state law," however, when engaged in a conspiracy with state officials to deprive a defendant of federal rights.  <u>Tower v. Glover</u>, 467 U.S. 914 (1984).

Here, Plaintiff alleges no facts that would suggest that the public defender defendant was acting in any capacity other than his traditional capacity as counsel.  Accordingly, he is not a state actor and is otherwise absolutely immune from any claim for damages in a § 1983 action.  All claims against public defender Mark Rinkus will be dismissed with prejudice.

In addition, the Office of the Public Defender is immune from suit in federal court under the Eleventh Amendment.  The Office of the Public Defender is an agency established by the State of New Jersey, in the Executive Branch, to fulfill the State's obligation to provide representation to indigent criminal defendants.  The Public Defender is appointed by the Governor with the advice and consent of the Senate.  The Public Defender is authorized to enter into contracts as provided by law.  The Public Defender must make an annual report to the Legislature on the operations of the Office.  <u>See</u> New Jersey Statutes, Title 2A, Chapter 158A.  Thus, the Office of the Public Defender is an arm of the state entitled to Eleventh Amendment immunity.  <u>See</u> <u>Rojas v. Dodson</u>, Civil No. 09-4835, 2010 WL 715405 (D.N.J. March 1

6

2010).  Cf. Smith v. LaFollette, 23 F.3d 410 (7th Cir. 1994) (Wisconsin Office of the Public Defender is a state agency entitled to Eleventh Amendment immunity); Allen v. Feldman, 2004 WL 1254001 (D.Del. 2004) (Delaware Office of the Public Defender is a state agency entitled to Eleventh Amendment immunity).

Moreover, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, are persons within the meaning of § 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726 F.Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983).  Thus, the Office of the Public Defender is not a "person" subject to suit under § 1983.

## V.   CONCLUSION

For the reasons set forth above, the Complaint will be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  This Court expresses no opinion as to the merits of Plaintiff's claim regarding the adequacy of his representation.  It does not appear that Plaintiff could amend his Complaint to

overcome the immunity of Defendants Rinkus or the Public Defender's office or otherwise to state a claim.

An appropriate order follows.

                                     **s/ Jerome B. Simandle**
                                     Jerome B. Simandle
                                     United States District Judge

Dated: **May 31, 2011**